UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY HAYES,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 17-cv-923-pp

---

GREGORY HAYES,

        Petitioner,

   v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 19-cv-211-pp

---

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

GREGORY HAYES,

        Defendant.

Case No. 95-cr-135-pp

---

**ORDER DISMISSING CASE NO. 17-CV-923, DISMISSING CASE NO. 19-CV-211 AND ORDERING THE PETITIONER TO FILE AMENDED MOTION FOR RELIEF UNDER 18 U.S.C. §3583 IN CASE NO. 95-CR-135**

---

## I.    Previous Case History

### A.   <u>Original Sentence</u>

On February 28, 1997, Judge Thomas J. Curran sentenced the petitioner to serve 336 months in custody followed by five years of supervised release

1

after the petitioner "pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, three counts of possession with intent to distribute cocaine and seventeen counts of use of a telephone to facilitate the commission of a felony." United States v. Adams, 125 F.3d 586, 595 (7th Cir. 1997) (petitioner's consolidated direct appeal); see also United States v. Gregory Hayes, Case No. 95-cr-135, at Dkt. No. 363 (E.D. Wis. Feb. 28, 1997). The district court entered judgment on March 5, 1997. Hayes, Case No. 95-cr-135, at Dkt. No. 364 (E.D. Wis. Mar. 5, 2017).

B.    Direct Appeal

In March 1997, the petitioner filed a direct appeal, dkt. no. 365, challenging (1) the  denial of a motion to suppress evidence obtained through two wire intercepts; (2) the attribution of certain amounts of cocaine to him as relevant conduct; (3) the imposition of a two-level weapon enhancement; and (4) the imposition of four-level enhancement for being a leader or organizer. Id. at 595-597. The Seventh Circuit affirmed the petitioner's conviction and sentence. Id.

C.    First §2255 Petition

On September 4, 1998, the petitioner filed a motion to vacate his sentence under 28 U.S.C. §2255. Hayes, Case No. 95-cr-135, at Dkt. No. 415; see also Gregory Hayes v. United States, Case No. 98-cv-880, (E.D. Wis.). Judge Curran summarily dismissed the motion with prejudice. Id. at Dkt. No. 416. The petitioner appealed the dismissal, and the Seventh Circuit issued the mandate dismissing the appeal on April 19, 1999. Id. at Dkt. No. 426.

D.    Motion to Modify Sentence Under §3582

Several years later, on August 23, 2004, the petitioner filed a motion for resentencing under 18 U.S.C. §3582(c)(2). Id. at Dkt. No. 451. That statute allows a court to modify a defendant's sentence after imposition if, after the defendant is sentenced, an amendment to the guidelines reduces his sentencing range. Judge Curran denied the motion three weeks later, dkt. no. 452, and denied reconsideration on November 15, 2004, dkt. no. 457.

The petitioner appealed. The Seventh Circuit framed his arguments as follows: "[The petitioner] argues that the district court should have lowered his prison terms in light of Amendment 591 to the guidelines, which amended U.S.S.G. §§ 1B1.1 and 1B1.2 to require sentencing courts to select, except in limited circumstances, the Chapter 2 offense guideline prescribed for the offense of conviction." Hayes v. United States, 141 Fed. App'x 463, 464 (7th Cir. 2005). The petitioner also argued for the first time on appeal that the Supreme Court's decision in United States v. Booker,  543 U.S. 220 (2005) (holding that the U.S. Sentencing Guidelines were not mandatory) required that he be resentenced. Id.

The Seventh Circuit found that Amendment 591 could not help the defendant, because the version of the Guidelines in effect when Judge Curran sentenced the petitioner required the court to do exactly what Amendment 591 later required. Id. The court held that the proper way for the petitioner to have raised his Booker arguments would have been to file a motion to vacate, correct

3

or set aside his sentence under §2255, but the court observed that because the petitioner already had filed a prior §2255, under 28 U.S.C. §2244(b)(2) he'd need the Seventh Circuit's permission to file a second one, and the court would not have granted that permission because it had held in <u>McReynolds v. United States</u> that <u>Booker</u> did not apply retroactively on collateral review. <u>Id.</u> at 464-65. The Seventh Circuit returned its mandate on August 23, 2005. <u>Hayes</u>, 95-cr-135, at Dkt. No. 465.

E.    <u>Second §2255 Petition</u>

On August 17, 2005, the petitioner filed his second §2255 petition. <u>Hayes v. United States</u>, Case No. 05-cv-878 (E.D. Wis.). This petition asserted that the petitioner's sentence violated the Fifth and Sixth Amendments and that he had a right to have a jury decide the sentencing enhancements. <u>Id.</u> at Dkt. No. 1. Judge Curran denied this as an unauthorized second or successive petition. <u>Id.</u> at Dkt. No. 3. The petitioner appealed, <u>id.</u> at dkt. no. 7, Judge Curran declined to issue a certificate of appealability, <u>id.</u> at dkt. no. 9, and the Seventh Circuit not only denied a certificate of appealability, but cautioned the petitioner that "future frivolous filings may result in the sanctions set forth in *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997)." <u>Id.</u> at Dkt. No. 10.

F.    <u>Motion for Clarification of Original Judgment</u>

Just shy of a decade later, in August 2014, the petitioner filed a motion for clarification of the original judgment. <u>Id.</u> at Dkt. No. 515. Judge Curran had passed away in 2012; Judge Rudolph T. Randa—to whom the case had been assigned—denied the petitioner's motion, stating that his request for 661 days'

4

credit under U.S.S.G. §5G1.3(b) would be accounted for and calculated by the United States Bureau of Prisons. Id. at Dkt. No. 516. Judge Randa stated that if the petitioner exhausted his administrative remedies through the BOP's administrative remedies procedure, it might be possible for him to challenge the BOP's determination through a petition under 28 U.S.C. §2241. Id. The petitioner appealed the court's decision, id. at dkt. no. 517; on December 30, 2014, the Seventh Circuit dismissed the appeal as untimely, id. at dkt. no. 525.

G.    Amendment 782 Sentence Reduction Motion

On January 22, 2015, the petitioner filed a motion to reduce his sentence under Amendment 782. Id. at Dkt. No. 526. After full briefing, Judge Randa granted the motion and ordered the petitioner's sentence reduced from 336 months to 312 months. Id. at Dkt. No. 539. The order provided that all other provisions of the March 5, 1997 judgment remained in effect. Id.

Six months after Judge Randa granted the Amendment 782 motion, while still incarcerated at FCI Milan, Michigan, the petitioner filed a motion under 18 U.S.C. §§3583(b) (which prescripts the maximum supervised release terms for various classes of felonies) and (c) (which lists factors courts should consider in fashioning terms of supervised release). Id. at Dkt. No. 544. In the accompanying brief, the petitioner argued that Judge Curran erred in imposing the conditions of supervised release, citing (among others) the Seventh Circuit's

5

2015 decision in U.S. v. Thompson, 777 F.3d 368 (7th Cir. 2015)[1]. Dkt. No. 545. Judge Randa first dismissed the motion for want of prosecution, id. at dkt. no. 550, but after a motion for reconsideration, id. at dkt. no. 552, dismissed it as premature, id. at dkt. no. 554. Judge Randa's August 31, 2016 order explained that the motion asked the court to vacate many of the conditions of supervised release because "the Sentencing Court did not explain how they comported with the sentencing factors listed in §3553(a) and that they are overbroad." Id. at Dkt. No. 554 at 6. The petitioner further had argued that the court should clarify the meaning of "association" as that term was used in the condition that he not associate or communicate with any member, prospect, or associate member of the Black Gangster Disciples or any other gang. Id.

Noting that a motion under §3583(e)(2) authorized challenges to the petitioner's supervised release on substantive grounds, Judge Randa pointed out that §3583(e)(2) did *not* authorize challenges to the procedures employed by the sentencing judge in reaching those conditions. Id. at Dkt. No. 554 at 5. Thus, he held that "[the petitioner's] contention that many conditions of his supervised release must be vacated because the sentencing court did not explain how the conditions comported with the sentencing factors listed in §3553(a) does not constitute a viable ground for relief under §3583(e)." Id. (citing United States v. Neal, 810 F.3d 512, 516 (7th Cir. 2016)). As for the

---

[1] The Seventh Circuit issued the Thompson decision on January 13, 2015, a week before the petitioner filed his Amendment 782 motion and over seventeen years after Judge Curran had imposed the conditions of supervision.

petitioner's request that the court clarify the term "associate," Judge Randa acknowledged that the petitioner's request was supported by the law, citing Thompson and United States v. Kappes, 782 F.3d 828, 848-49 (7th Cir. 2015). Id. at 6. But he observed that this, and other challenges the petitioner had raised, were substantive challenges to the conditions of release. Id. at 7. Judge Randa concluded that

> Section 3583(e)(2) should be reserved for substantive challenges that raise real concerns about the offender's and society's prospects of benefitting from a term of supervised release. *Id.* at 520. Therefore, within three months before his release date [the petitioner] should file any motion raising substantive challenges to the conditions of his release. See e.g. United States v. Siegel, 753 F.3d 705, 717 (7th Cir. 2014)[].

> Requiring Hayes' 18 U.S.C. §3583(e)(2) motions to be filed three months prior to release will avoid the piecemeal litigation of issues pertaining to supervised release conditions, conserve the resources of the parties and the Court, and should enable Hayes to progress to supervised release with conditions that are neither fatally overbroad nor unconstitutional.

Id. at 7-8. Judge Randa denied the 2015 §3582 motion as premature. Id. at 8.

The petitioner appealed. Id. at Dkt. No. 555. The Seventh Circuit's December 22, 2016 decision affirmed, finding that Judge Randa acted "within his discretion by denying his request and allowing [the petitioner] to refile a single motion to be resolved before his release. And to the extent that [the petitioner] now challenges other conditions on vagueness grounds, those argument are similarly premature." United States v. Hayes, 672 Fed. App'x 589, 591 (7th Cir. 2016). On Judge Randa's passing, the clerk's office assigned the case to this court.

7

The Bureau of Prisons inmate locator web site reflects that the petitioner was released on August 12, 2019. https://www.bop.gov/inmateloc/.

## II.     Third §2255 Motion, Case No. 2017-cv-923: <u>Hayes v. United States</u>

### A.     <u>The Pleadings</u>

On July 6, 2017, the petitioner filed in his criminal case (Case Number 95-cr-135) a third §2255 motion. <u>Hayes v. United States</u>, Case No. 2017-cv-923 at Dkt. No. 1. The petitioner first acknowledged that this was a "second-in-time § 2255 motion," but asserted that <u>United States v. Obeid</u>, 707 F.3d 898, 901-02 (7th Cir. 2013), permitted him to file it. <u>Hayes</u>, Case No. 95-cr-135 at Dkt. No. 567. The subject of the motion is a variation of the sentence credit issue he had raised in the August 2014 motion to clarify decided by Judge Randa, <u>id.</u> at dkt. no. 515; he asserts that his sentencing counsel should have asked that under U.S.S.G. §5G1.3(b) or (c), Judge Curran run his federal sentence either concurrently, partially concurrently or consecutively to his "undischarged term of imprisonment in the case herein." <u>Id.</u> at 2. The petitioner notes that Judge Randa had told him he had to try to resolve the issue through the Bureau of Prisons; he states that he now has done so, and that he is filing a successive §2255 to challenge the BOP's decision because the issue had not been ripe before. <u>Id.</u>

The petitioner spends a couple of pages explaining his view on why the court should not treat this petition as a second or successive petition which he would have needed Seventh Circuit authority to file. <u>Id.</u> at 2-3. He argues that the factual predicate for the issue he raises in this petition—that his

8

sentencing lawyer was constitutionally ineffective by failing to present a viable presentence credit argument under §§5G1.3(b) or (c), and that he was prejudiced by the ineffective assistance—was not available to him before. Id.

On September 28, 2017, the government filed a motion to dismiss. Id. at Dkt. No. 3. The government argued that the §2255 petition was untimely, noting that §2255(f)(4) required a petitioner to bring such a motion within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Id. at Dkt. No. 2 at 2. The government argued that even assuming the petitioner could show due diligence in discovering his sentence credit argument, his administrative proceedings with the BOP concluded on January 20, 2016 and he did not file the §2255 motion until July 6, 2017—more than a year later. Id. at 3.

The petitioner filed a reply brief in which he admitted that his administrative remedies with the BOP were exhausted on January 20, 2016. Id. at Dkt. No. 4 at 3. He contends, however, that on June 28, 2017, after he received the decision from the BOP, he applied to the BOP's Designation and Sentence Computation Center ("DSCC") and he argues that its denial of his sentence credit was the final decision that triggered the one-year limitation period. Id. (citing Hagins v. Matevousian, No. 1:16-cv-01882-MJS, 2017 WL 3452984 (E.D. Ca. Aug. 11. 2017)).

The court did not promptly rule on the government's motion to dismiss. In October 2019, the court received a letter from the government informing the

9

court that the petitioner had been released from custody on August 12, 2019 and that because the §2255 motion challenged only his imprisonment, the §2255 motion had been mooted by the petitioner's release. Id. at Dkt. No. 5 at 1. The petitioner did not respond.

B.     Mootness

Even though the petitioner now is on supervised release and the motion challenged his amount of incarceration time, the petition is not moot. As the Seventh Circuit has said, "[w]hen a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision." Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) (quoting United States v. Trotter, 270 F.3d 1150, 1152 (7th Cir. 2001)).

> It is true that a finding that [the petitioner] spent too much time in prison would not automatically entitle him to less supervised release. *United States v. Johnson,* 529 U.S. 53, 59-60 . . . (2000). Nevertheless, such a finding would carry "great weight" in a §3583(e) motion to reduce [the petitioner's] term [of supervision]. *Id.* at 60 . . . . This is enough.

Id. at 414 (citing United States v. Epps, 707 F.3d 337, 345 (D.C. Cir. 2013); Mujahid v. Daniels, 413 F.3d 991, 994-95 (9th Cir. 2005)). The motion, however, suffers from other fatal flaws.

C.     Unauthorized Second or Successive §2255 Petition

A federal district court need not entertain an inquiry into the legality of a petitioner's detention if a federal court already has determined the legality of that detention in a prior application for writ of *habeas corpus.* 28 U.S.C. §2244(a). To enforce this provision, §2244 requires petitioners who wish to file

10

a "second or successive" federal *habeas* petition to first obtain authorization from the applicable court of appeals before filing the petition in the district court. 28 U.S.C. § 2244(b)(3)(A). "Section 2244(b)(3)(A) 'is an allocation of subject matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for the filing." In re Page, 170 F.3d 659, 661 (7th Cir. 1999) (quoting Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in Page)).

> When discerning whether a second-in-time petition is successive, courts must be "[c]areful to distinguish genuinely unripe claims (where the factual predicate that gives rise to the claim has not yet occurred) from those in which the petitioner merely has some excuse for failing to raise the claim in his initial petition (such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel); only the former class of petitions escapes classification as "second or successive."

Flores-Ramirez v. Foster, 811 F.3d 861, 865 (7th Cir. 2015) (quoting Obeid, 707 F.3d at 902). See also, Obeid, 707 at 902 ("[a] petition or motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of Sections 2244 and 2255(h).").

The court disagrees with the petitioner that his ineffective assistance of counsel argument was not ripe when he filed his first petition in 1998. Judge Curran sentenced the defendant in February 1997, which means he used the November 1, 1995 Guidelines Manual. Section 5G1.3, Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment was in effect at that time. https://www.ussc.gov/guidelines/2015-guidelines-

11

manual/archive/1995-ch5web. According to the Bureau of Prisons, the petitioner asked Judge Curran to give him credit for some of the time he had sat in state custody, but Judge Curran told him that was up to the BOP. Judge Curran did not specify in the judgment whether the federal sentence was to run concurrently, partially concurrently or consecutively with any state sentence. Dkt. No. 363. As soon as the court entered judgment on March 5, 1997, the facts in support of the petitioner's argument existed. There was a guideline in effect that instructed the court as to what it should consider when deciding whether a subsequent federal sentence should be imposed to run consecutively, concurrently or partially concurrently to an undischarged term of imprisonment imposed by another court. The petitioner says his lawyer didn't bring that guideline to Judge Curran's attention, and that if he had, it would have resulted in Judge Curran imposing a lower sentence. All these facts were present when the petitioner filed his direct appeal, and when he filed his first §2255 petition in February 1998.

The petitioner seems to believe that his ineffective assistance of sentencing counsel claim did not become ripe until (a) he filed his 2014 sentencing credit motion with Judge Randa and Judge Randa denied it and (b) he exhausted his administrative remedies with the BOP. But in this second §2255 petition, the petitioner is not arguing that the BOP incorrectly calculated his sentence credit. He is arguing that the lawyer who represented him at the 1997 sentencing hearing should have asked Judge Curran to run his federal sentence concurrently with an undischarged term of state imprisonment and

12

was ineffective for failing to do so. That is a different argument from his sentence credit argument. The ineffective assistance argument was "ripe" when the sentencing court entered judgment in March 1997. That means that this §2255 petition is a second or successive petition, and that the petitioner needed the Seventh Circuit's authorization to file it. He has not demonstrated that he obtained such authorization, so the court must dismiss the petition.

D.    Time-Barred Petition

The government did not ask the court to dismiss on the ground that this is an unauthorized second or successive petition, although it noted that the petitioner had filed two previous petitions. Dkt. No. 3 at 2 n.1. Nor did it take a position on whether the petitioner was correct that the claim he seeks to bring here was not ripe when he filed his other petitions. Id. at 2 n.3. Rather, the government argued that the court must dismiss the petition because the petitioner filed it more than a year after the date on which the facts supporting his claims could have been discovered by the exercise of due diligence. Id. at 2. The government notes that even though at sentencing in February 1997—over twenty years ago—Judge Curran told the petitioner that he would need to address the question of sentence credit with the BOP, the petitioner did not do so until years later, and even then, he filed his §2255 petition over a year after the BOP issued its decision. Id. at 2-3.

In August 2014, the petitioner wrote to Judge Randa and asked him to order the BOP to credit 661 days to his sentence. See Hayes, 95-cr-135 at Dkt. No. 515. Judge Randa declined to do so, telling the petitioner that he must

13

address any sentence credit computation issues with the BOP through its administrative remedies process. Id. at Dkt. No. 516. Judge Randa told the petitioner that if he still had a problem with the BOP's computation after he had exhausted his administrative remedies, the petitioner could bring a motion under 28 U.S.C. §2241. Id.

It appears the petitioner took Judge Randa's advice and exhausted his administrative remedies. Exhibit A to the current §2255 motion is a document from Ian Connors, administrator of National Inmate Appeals, dated January 20, 2016 and advising the petitioner that his sentence had been correctly computed. Hayes, 17-cv-923 at Dkt. No. 1-2 at 3. Notably, the decision recounted that the petitioner had asked at sentencing that Judge Curran credit him with the 661 days and that Judge Curran had declined to do so because sentence credit was up to the BOP. Id. The BOP gave the petitioner credit from August 7, 1996—the day he was released from his Wisconsin state sentence— through the day before his federal sentence began. The BOP explained that the additional credit the petitioner sought—from May 9, 1995 through August 6, 1996—was time he spent serving a sentence imposed by the State of Wisconsin. Id.

The petitioner waited eighteen months—until July 2017—to file this §2255 motion. In his reply brief, the petitioner says that this is because he was instructed by the records department at FCI Milan

> to apply to the D.S.C.C. for his jail time credit so on June 28, 2017, his Inmate Request for Jail Credit Clarification was submitted to D.S.S.C. and on Thursday, July 27, 2017, it was DENIED by D.S.S.C. in Grand Prairie, Texas, therefore his latest attempt to

14

obtain jail time credits falls within one year to surely render [the petitioner's] Second-In-Time § 2255 Motion timely.

Dkt. No. 4 at 1, -2. In support of this argument, the petitioner cited <u>Hagins v. Matevousian</u>, No. 1:16-cv-01882-MJS2017 WL 3452984 (E.D. Ca. Aug. 11, 2017).

The government is correct that even if this is not a second or successive petition for which the petitioner needed Seventh Circuit authorization, the petition is time-barred. First, even if there were some requirement that an inmate who has exhausted his administrative remedies regarding sentence credit computation must apply to the D.S.S.C. after concluding the administrative remedies procedure, by his own admission the petitioner did not do so until *seventeen months* after the BOP advised him that his sentence was correctly computed. He gives no explanation for this delay.

Second, the administrative remedies procedure does not require an inmate to apply to the D.S.S.C.[2] The procedure is laid out in Program Statement 1330.18, Administrative Remedy Program. Available at https://www.bop.gov. That process first requires an inmate to seek informal resolution. <u>Id.</u> at §542.13. Within twenty calendar days of the event about which the inmate complains, he must complete the informal resolution process and submit a formal, written administrative remedy request. <u>Id.</u> at §542.14. If

---

[2] The petitioner claims someone at FCI Milan told him he needed to "apply" to the D.S.C.C. for calculation of his sentence credit. The D.S.C.C. calculates early release eligibility under 18 U.S.C. §3621(e). <u>See</u> <u>Solis v. Bell</u>, No. 18-cv-113, 2019 WL 535694, at *2 (S.D. Ind. Feb. 11, 2019). Perhaps the staff at Milan told the petitioner that he could seek an early release eligibility determination from the D.S.C.C.

15

the inmate is not satisfied with the warden's response to the formal request, he may appeal to the regional director within twenty days of the date the warden filed the response. Id. at §542.15. An inmate dissatisfied with the regional director's response may appeal to the general counsel within thirty calendar days of the date the regional director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id. The petitioner appealed to the general counsel and got its decision January 20, 2016—that was the final decision that triggered the one-year limitation period for filing a §2255 petition.

Third, the petitioner's reliance on Hagins is misplaced. Hagins is a district court decision from the Eastern District of California and is not binding on this court. Hagins filed his petition under 28 U.S.C. §2241—the statute Judge Randa told the petitioner he should use if he disagreed with the BOP's sentence credit calculation. 2017 WL 3452984, at *1. Hagins involved an inmate who was taken into state and federal custody the same day but housed in the state facility. Id. While he was in state custody, the petitioner wrote to the BOP asking whether his federal sentence had started (and if not, when it would start). Id. at *2. The BOP considered the letter to be an after-the-fact request to have his sentences run concurrently and wrote to the sentencing judge, asking the judge's view. Id. The judge responded that he did not want the two sentences to run concurrently, so the BOP denied the petitioner's request that he receive credit toward the federal sentence for time he spent in state custody. Id. The petitioner filed a §2241 petition to challenge this

16

determination. Id. at *1. The district concluded that the BOP's decision—made

by the D.S.C.C. *prior* to the petitioner going into federal custody,

> appears to be a final decision on this matter *in accordance with BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence* (January 16, 2003). The decision itself gives no indication that it is subject to further administrative review. Thus, the Court concluded that administrative remedies were unavailable to this Petitioner or, if any were available, pursuit of them with regard to this determination would have been futile.

Id. at *2. (Emphasis added).

 Program Statement 5160.05 doesn't apply to the petitioner. The

determination by the BOP national appeals administrator was the final decision

in the administrative remedies process, and the petitioner waited some

eighteen months after that decision to file this §2255 petition.

28 U.S.C. §2255(f) provides the statute of limitations for §2255 petitions.

Under that statute, a petitioner has one year to file his §2255 petition, which

period begins to run from the latest of

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

17

28 U.S.C. §2255(f). The petitioner's conviction became final many years ago, so the motion is not timely under §2255(f)(1). Because he has not identified any government impediment preventing him from filing this motion, the motion is not timely under §2255(f)(2). Because he has not asserted a right newly recognized by the Supreme Court, the petitioner's motion is not timely under §2255(f)(3). Finally, the petitioner has not demonstrated that his petition is timely under §2255(f)(4). At the petitioner's original sentencing in 1997, Judge Curran advised the petitioner to exhaust his administrative remedies in order to contest credit of the 661 days that he alleges he should receive. Id. at Dkt. No. 1-2 at 7 (page from sentencing transcript). The petitioner does not appear to have undertaken such an inquiry until seven years later, when he wrote to Judge Randa in August of 2014. Even setting aside *that* delay, the petitioner waited over eighteen months from the conclusion of his administrative remedy procedure to file this motion in this court. The §2255 petition, even if it were not an unauthorized second or successive petition, is time-barred.

  E. <u>Wrong Petition</u>

  Finally, as the court has noted, it appears that in this third §2255 petition, the petitioner is alleging that his sentencing counsel was ineffective for failing to ask Judge Curran to impose the federal sentence to run concurrently to his state sentence. That argument could and should have been made on appeal or in his first §2255 petition. Because the petitioner is representing himself, however, the court also considers the possibility that the petitioner is trying to challenge the BOP's denial of his request for sentence credit. If that is

18

the case, the appropriate vehicle for the petitioner to use was, as Judge Randa advised him, 28 U.S.C. §2241, not §2255. "Section 2255 is the proper vehicle for collaterally attacking the validity of a conviction and sentence. Judicial review pursuant to 28 U.S.C. § 2241, in contrast, provides the appropriate mechanism in a claim concerning the computation of a sentence." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992) (citations omitted). See also United States v. Vitrano, No. 09-cr-40, 2015 WL 7862875 (E.D. Wis. Dec. 3, 2015) ("a prisoner wishing to challenge the BOP's computation or execution of a federal sentence may do so via a petition for a writ of habeas corpus under 28 U.S.C. §2241, in the district of his confinement following exhaustion of available administrative remedies," citing United States v. Vance, 563 Fed. Appx. 277, 278 (4th Cir. 2014)).

If the petitioner had done as Judge Randa advised and filed a petition under §2241, he would not have had an issue with the timeliness of the petition. "[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition." Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007).

F.    Conclusion

Because the petitioner's July 6, 2017 §2255(f) petition is an unauthorized second or successive petition, because it was untimely filed and because, if it is an attempt to challenge the BOP's sentence credit computation, it is the wrong kind of petition, the court dismisses the petition.

19

**III. February 8, 2019 Motion, Case No. 2019-cv-211: <u>Hayes v. United States</u>**

On February 8, 2019, the petitioner filed a motion in his criminal case, <u>United States v. Hayes</u>, 95-cr-135, at Dkt. No. 568 (E.D. Wis. Feb. 8, 2019). He captioned the motion, "Motion to Vacate Sentence to Clarify Overly Vague Conditions of Supervised Release." <u>Id.</u> at Dkt. No. 568 at 1. The body of the motion, however, stated that the petitioner sought to proceed "pursuant to 18 U.S.C. §3583(e)(2)." <u>Id.</u> at Dkt. No. 568 at 1. It appears that this motion is the motion Judge Randa instructed the petitioner to file within three months of his release. The clerk's office—probably based on the words "vacate sentence"—treated the motion as a §2255 motion and opened a new civil case. <u>Hayes v. United States</u>, Case No. 19-cv-211 (E.D. Wis.).

The February 2019 "motion to vacate" is not asking for relief under 28 U.S.C. §2255. The petitioner argues that the court must vacate his 312-month sentence and resentence him because the conditions of his supervised release are unconstitutionally vague under <u>Thompson</u>, 777 F.3d at 382. <u>Id.</u> at Dkt. No. 1. He refers to his previous motion—the one Judge Randa denied as premature—and asks this court to find that his motion now is timely (or was at the time he filed it). <u>Id.</u> The petitioner contends that certain conditions of his supervised release are unconstitutionally vague; he mentions the term "associate," then says he "will amend to list all vague and overbroad special conditions of supervised release as several others should be addressed herein." <u>Id.</u> at Dkt. No. 1 at 2-3.

The Seventh Circuit already has told the petitioner that the remedy for the issue he raises is not to vacate his sentence or to give him a new sentencing. In its decision affirming Judge Randa's denial of his first §3583 motion, the court stated, "[the petitioner] contends that a full resentencing is necessary because several of his conditions are overly vague. But correcting vague conditions under §3583(e)(2) would require only remand for clarification." Hayes, 672 Fed. App'x at 590 (citing United States v. Bickart, 825 F.3d 832, 842 (7th Cir. 2016); United States v. Purham, 795 F.3d 761, 768 (7th Cir. 2015)).

The petitioner challenges the condition of release which barred him from "associating" with gang members. That challenge has merit under Kappes, 782 F.3d at 848-49, which held that

> [t]he condition forbidding the defendant from "associat[ing] with any person engaged in criminal activity" and "associat[ing] with any person convicted of a felony, unless granted permission to do so by the probation officer" is "fatally vague" because it appears to impose strict liability and does not define "associate." . . . A suggested modification would be to forbid the defendant "to meet, communicate, or otherwise interact with a person whom he knows to be engaged, or planning to be engaged, in criminal activity."

(Internal citation to Thompson, 777 F.3d 368 omitted).

Because the petitioner is now serving his term of supervised released, his claims about the vagueness of some of those conditions are no longer premature; they are ripe.

The court will dismiss Case Number 19-cv-211, because it is not a §2255 petition. It is a sentence modification motion under 18 U.S.C. §3583. The court

will address that motion in the criminal case, after obtaining additional information from the parties.

## IV.    Next Steps

The petitioner's February 8, 2019 motion indicated that he was going to file an amendment listing all the conditions of release he wanted to challenge as overbroad or vague. The court will give the petitioner a deadline by which to file that amendment. If the petitioner files the amendment by the deadline, the court will require the government to respond. The court also will require the probation office to file a report concerning its position on the petitioner's proposed conditions of supervised release, including recommendations for any modifications of those conditions to comply with the changes in the law governing supervised release conditions in the years since Judge Curran sentenced the defendant. Once the court receives these submissions, court will decide whether a hearing on the petitioner's §3583 motion is necessary.

As indicated in the caption, the court will docket this order in Case Numbers 17-cv-923, 19-cv-211 and 95-cr-135. It will issue separate judgments dismissing Case Numbers 17-cv-923 and 19-cv-211. Parties should file any pleadings related to the petitioner's 18 U.S.C. §3583 motion in the original criminal case, Case Number 95-cr-135.

## V.    Conclusion

The court **ORDERS** that <u>Hayes v. United States</u>, Case No. 17-cv-923 is **DISMISSED WITH PREJUDICE** as an unauthorized successive petition that was not timely filed.

The court **ORDERS** that <u>Hayes v. United States</u>, Case No. 19-cv-211 is **DISMISSED** because it is not a §2255 petition.

The court **ORDERS** that by the end of the day on **August 21, 2020**, the petitioner must file an amended18 U.S.C. §3583 motion identifying the conditions of supervised release he challenges as vague or overly broad. He should file the motion in his criminal case, <u>United States v. Hayes</u>, Case No. 95-cr-135.

The court **ORDERS** that if the petitioner files an amended motion under 18 U.S.C. §3583 by the deadline, the government and probation must file their responses to the amended motion by the end of the day on **September 4, 2020**.

Dated in Milwaukee, Wisconsin this 22nd day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

23